# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO. 4:18CV-00022-JHM

JAMES F. DINWIDDIE, JR.
EXECUTOR AND BENEFICIARY UNDER
THE LAST WILL AND TESTAMENT AND
CODICILS OF JAMES F. DINWIDDIE, SR.                                    PLAINTIFF

v.

ANDREW BESHEAR, in his official capacity as
Attorney General of the Commonwealth of Kentucky;
And HONORABLE GRAYSON COUNTY
DISTRICT COURT JUDGE SHAN EMBRY, in her
official capacity                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motions by Defendant, Andrew Beshear, in his official capacity as Attorney General of the Commonwealth of Kentucky, to dismiss Plaintiff's complaint and amended complaint pursuant to Fed. R. Civ. P. 12 [DN 10, DN 13]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

Plaintiff, James F. Dinwiddie, Jr., *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants in their official capacity alleging violations of his and the other beneficiaries' right to privacy, due process, and equal protection under the Fourth, Ninth, and Fourteenth Amendments to the United States Constitution. Plaintiff's complaint stems from Kentucky state court proceedings regarding the Last Will and Testament and Codicils of James F. Dinwiddie, Sr. (hereinafter "Dinwiddie, Sr."). The Last Will and Testament and Codicils of Dinwiddie, Sr., were admitted to probate on February 16, 2012 in the Grayson District Court. Plaintiff, as executor of Dinwiddie Sr.'s estate, filed an informal periodic settlement pursuant to

KRS § 395.605. Defendant, Judge Shan Embry, declined to approve the informal periodic settlement and ordered the Plaintiff to file a formal settlement. On February 17, 2014, Plaintiff filed a second informal periodic settlement in the Grayson District Court. Once again, the district court rejected the informal settlement and instructed the parties to file a formal settlement.

On March 19, 2014, Plaintiff filed an action for settlement of the estate in the Grayson Circuit Court which was dismissed for lack of subject matter jurisdiction. Plaintiff then appealed the dismissal which was affirmed by the Kentucky Court of Appeals, and on February 7, 2018, discretionary review was denied by the Kentucky Supreme Court. Dinwiddie v. Arcadu, 2017 WL 1102993 (Ky. Ct. App. March 24, 2017).

On February 23, 2018, Plaintiff filed this *pro se* complaint "in his capacity as executor and beneficiary under the Last Will and Testament and Codicils of James F. Dinwiddie, Sr." against Defendant, Attorney General Andrew Beshear, seeking a declaration that the beneficiaries of the estate of Dinwiddie, Sr., have a right to file an informal periodic settlement of the estate and that the Grayson District Court has the obligation and duty to sign it. (Complaint, DN 1.) On April 27, 2018, Plaintiff filed a motion for leave to file an amended complaint adding Defendant, Grayson County District Judge Shan Embry. The Magistrate Judge granted the motion.

Defendant, Andrew Beshear, now moves the Court to dismiss all claims against him for failure to state a claim upon which relief can be granted arguing that he was not involved in the underlying actions or proceedings and cannot order the Grayson District Court to act in the manner requested. Further, Beshear argues that he is immune from suit in his official capacity

pursuant to the Eleventh Amendment immunity and that the Court does not have jurisdiction in this matter under the Rooker-Feldman doctrine.

## II. DISCUSSION

As an initial matter, the Court must address whether Plaintiff may litigate this action *pro se*. "Under 28 U.S.C. § 1654, an individual may appear in federal court *pro se* to litigate his or her own case, but may not appear *pro se* if there are interests at stake other than that individual's." Estate of Bessette v. Wilmington Trust, N.A., 2017 WL 3747204, at *1 (6th Cir. May 16, 2017)(citing Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002)). Thus, "a personal representative may appear *pro se* on behalf of an estate only if he or she is the sole beneficiary of the estate and the estate has no creditors." Estate of Bessette, 2017 WL 3747204, at *1 (citing Bass v. Leatherwood, 788 F.3d 228, 230 (6th Cir. 2015)). In this case, the amended complaint reflects that "[t]he decedent died testate and in his Last Will and Testament and Codicils. . . left his estate equally to four beneficiaries: Dinwiddie, Jr. (son), Elizabeth (daughter), Zachary (son), and a testamentary trust with Dinwiddie, Jr., as trustee." (Amended Complaint at ¶ 11.) Thus, Plaintiff is not the sole beneficiary of the estate. Additionally, Plaintiff has not shown that the estate lacks creditors. Accordingly, Plaintiff may not prosecute this action on behalf of the estate.

Furthermore, without specifically deciding the issues raised by Beshear in his motion to dismiss, it would appear to the Court that this current action would be barred by either the Younger abstention doctrine if the district court probate proceeding is still pending or the Rooker-Feldman doctrine if the probate decision is somehow final. See Younger v. Harris, 401 U.S. 37 (1971); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker

3

v. Fidelity Trust Co., 263 U.S. 413 (1923)).  See also Stone v. Child Protective Servs., 2016 WL 4821371, *5 (W.D. Ky. Sept. 9, 2016).

## III.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that **no later than July 18, 2018,** Plaintiff shall retain counsel and have counsel enter an appearance in this case on his behalf.  **Failure to do so will result in dismissal of the entire action against all the Defendants**.

**IT IS FURTHER ORDERED** that **no later than August 10, 2018**, counsel for Plaintiff shall file a response to the motions to dismiss filed by Defendant, Andrew Beshear [DN 10, DN 13].  Defendant's reply time is governed by local rules.

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

June 18, 2018