# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO. 4:18CV-00022-JHM

JAMES F. DINWIDDIE, JR.
EXECUTOR AND BENEFICIARY UNDER
THE LAST WILL AND TESTAMENT AND
CODICILS OF JAMES F. DINWIDDIE, SR.                                    PLAINTIFF

v.

ANDREW BESHEAR, in his official capacity as
Attorney General of the Commonwealth of Kentucky;
And HONORABLE GRAYSON COUNTY
DISTRICT COURT JUDGE SHAN EMBRY, in her
official capacity                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motions by Defendant, Andrew Beshear, in his official capacity as Attorney General of the Commonwealth of Kentucky, to dismiss Plaintiff's complaint and amended complaint pursuant to Fed. R. Civ. P. 12 [DN 10, DN 13]; a motion by Plaintiff, James F. Dinwiddie, Jr., *pro se*, to strike Defendant's reply to Plaintiff's response to the motion to dismiss [DN 19]; an objection and a supplemental objection to the June 18, 2018, Memorandum Opinion and Order [DN 22, DN 28, DN 30]; a motion by Plaintiff, James F. Dinwiddie, Jr., *pro se*, to file a second amended complaint [DN 23]; and a motion by Defendant, Grayson County District Court Judge Shan Embry, to dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12 [DN 26]. Fully briefed, these matters are ripe for decision.

### I. BACKGROUND

Plaintiff, James F. Dinwiddie, Jr., *pro se*, originally brought this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants in their official capacity alleging violations of his and the other beneficiaries' right to privacy, due process, and equal protection under the Fourth, Ninth,

and Fourteenth Amendments to the United States Constitution. Plaintiff's complaint stems from Kentucky state court proceedings regarding the Last Will and Testament and Codicils of James F. Dinwiddie, Sr. (hereinafter "Dinwiddie, Sr.). The Last Will and Testament and Codicils of Dinwiddie, Sr., were admitted to probate on February 16, 2012 in the Grayson District Court. Plaintiff, as executor of Dinwiddie Sr.'s estate, filed an informal periodic settlement pursuant to KRS § 395.605. Defendant, Judge Shan Embry, declined to approve the informal periodic settlement and ordered the Plaintiff to file a formal settlement. On February 17, 2014, Plaintiff filed a second informal periodic settlement in the Grayson District Court. Once again, the district court rejected the informal settlement and instructed the parties to file a formal settlement. "Dinwiddie, Jr., then appealed to the circuit court, which dismissed his appeal on the grounds that the Notice of Appeal contained several errors and that the order was not final and appealable." Dinwiddie v. Arcadu, 2017 WL 1102993, at *1 (Ky. Ct. App. Mar. 24, 2017).

On March 19, 2014, Plaintiff filed a petition for settlement of the estate in the Grayson Circuit Court which was dismissed for lack of subject matter jurisdiction "because there were no contested issues."[1] Id. at *1. Plaintiff then appealed the dismissal which was affirmed by the Kentucky Court of Appeals finding there were no adversarial actions remaining in the action, and noting that "Dinwiddie, Jr., may continue to pursue this action in the district court in the event that the matter is still pending." Id. at *3. On February 7, 2018, discretionary review was denied by the Kentucky Supreme Court. Id.

On February 23, 2018, Plaintiff filed this *pro se* complaint "in his capacity as executor and beneficiary under the Last Will and Testament and Codicils of James F. Dinwiddie, Sr." against

---

[1] In fact, in reviewing the Grayson Circuit Court decision, the Kentucky Court of Appeals noted that *after Dinwiddie, Jr., filed the petition for settlement in the circuit court*, he paid off a mortgage on one piece of estate property, and that the "Leitchfield Deposit Bank, the only adversarial party in the case, dismissed itself from the action."

2

Defendant, Attorney General Andrew Beshear, seeking a declaration that the beneficiaries of the estate of Dinwiddie, Sr., have a right to file an informal periodic settlement of the estate and that the Grayson District Court has the obligation and duty to sign it. (Complaint, DN 1.) On April 27, 2018, Plaintiff filed a motion for leave to file an amended complaint adding Defendant, Grayson County District Judge Shan Embry. The Magistrate Judge granted the motion.

On May 11, 2018, Beshear moved the Court to dismiss all claims against him for failure to state a claim pursuant to Fed. R. Civ. P. 12. After examining the record, the Court held that Plaintiff could not appear *pro se* on behalf of the estate because he was not the sole beneficiary of the estate. Estate of Bessette v. Wilmington Trust, N.A., 2017 WL 3747204, at *1 (6th Cir. May 16, 2017); Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002)). The Court ordered Plaintiff to retain counsel and have counsel enter an appearance in this case on his behalf no later than July 18, 2018. (DN 20, June 18, 2018, Memorandum Opinion and Order.)

In response to the Court's Order, the Plaintiff, *pro se*, filed an objection and supplemental objection to the Order chastising the Court for concluding that Plaintiff could not appear in federal court *pro se* on behalf of the estate pursuant to 28 U.S.C. § 1654. Additionally, Plaintiff filed a motion for leave to amend his first amended complaint to remove Beshear as a defendant in this action and to bring the complaint "only individually as beneficiary of the estate." (DN 23, Plaintiff's Motion for Leave to Amend at 1.) Following these motions, Defendant Judge Shan Embry moved to dismiss all claims against her pursuant to Fed. R. Civ. P. 12. The Court shall address these motions and objections in turn.

## II. DISCUSSION

### A. Objection and Supplemental Objection

Plaintiff objects to the Court's order requiring him to obtain counsel and requests the Court

to vacate this order. "Under 28 U.S.C. § 1654, an individual may appear in federal court *pro se* to litigate his or her own case, but may not appear *pro se* if there are interests at stake other than that individual's." Estate of Bessette v. Wilmington Trust, N.A., 2017 WL 3747204, at *1 (6th Cir. May 16, 2017).

Plaintiff also complains that the Court raised Plaintiff's *pro se* status on its own motion. However, "[t]he Court is charged with ensuring that those appearing before it as legal advocates do not engage in the unauthorized practice of law as defined by the rules promulgated by the Supreme Court of Kentucky and as prohibited by K.R.S. § 524.130." Carver v. Citifinancial, 2015 WL 13547617, at *1 (W.D. Ky. Feb. 27, 2015).

Furthermore, contrary to Plaintiff's argument, "[t]he Younger abstention doctrine may be raised *sua sponte* by the court or by the parties." O'Neill v. Coughlan, 511 F.3d 638, 642 (6th Cir. 2008); Skaggs v. Jefferson Circuit Court, 2018 WL 2187723, at *2 (W.D. Ky. May 11, 2018). In as much as Plaintiff argues that this Court has no right to decline to exercise jurisdiction over this matter, the statute cited by Plaintiff in support of his requested relief belies that argument. The declaratory judgment statute—which provides that federal courts "*may*" enter declaratory judgments in "case[s] of actual controversy," 28 U.S.C. § 2201(a) — "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995).

Finally, Plaintiff's reliance on Iannaccone v. Law, 142 F.3d 553, 559 (2d Cir. 1998) to support his argument that the Court should not have required him to retain counsel is misplaced. In fact, the Sixth Circuit relied on Second Circuit precedent, including Iannaccone, in holding that 28 U.S.C. § 1654 "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002).

For these reasons, the Court overrules Plaintiff's objections to the order requiring Plaintiff to hire counsel. However, since Plaintiff has now filed a motion to amend to bring the complaint "only individually as beneficiary of the estate", the Court will address that motion next.

**B. Motion to Amend Complaint**

"A party is entitled to amend its pleading once as a matter of course within 21 days of serving it, or, if a responsive pleading is required, within 21 days after service of a responsive pleading or a motion under Federal Rule of Civil Procedure 12(b), (e), or (f)." Detrick v. Heidtman Steel Prod., Inc., 677 Fed. Appx. 240, 246 (6th Cir. 2017)(citing Fed. R. Civ. P. 15(a)). "Outside of this timeframe, a party may only amend its pleading with the written consent of the opposing party or leave from the court." Id. However, "[t]he court should freely give leave when justice so requires." Id. "[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir. 1986) (internal citations omitted).

Plaintiff seeks leave to amend his complaint to remove Beshear as a defendant and to bring the complaint "only individually as beneficiary of the estate." (DN 23, Plaintiff's Motion for Leave to Amend at 1.) Beshear filed a response in support of Plaintiff's Motion for Leave to Amend the Complaint to the extent the amendment removes the Kentucky Attorney General from the action. (DN 25, Defendant Beshear's Response at 1.) With the consent of the opposing party, the Court grants Plaintiff's Motion for Leave to Amend. The tendered second amended complaint shall be filed in the record. Having granted leave to amend the complaint which removes Beshear from the action, the Court dismisses Beshear as a defendant. As a result, all pending motions filed by or related to Beshear are moot.

Finally, the Court would note that while the second amended complaint reflects that

Plaintiff is suing "individually as beneficiary" of the Estate of Dinwiddie, Sr., the second amended complaint still requests relief on behalf of others – "the beneficiaries." Notwithstanding, the Court will permit the action to proceed *pro se* only on the claims of James Dinwiddie, Jr., individually.

### C. Motion to Dismiss

Defendant, Grayson County District Judge Shan Embry, moves to dismiss the amended complaints pursuant to Fed. R. Civ. P. 12(b) arguing that (1) the Rooker-Feldman doctrine bars the claims; (2) the Younger and Pullman doctrines warrant abstention; and (3) the complaint fails to state a claim.

#### *1. Standard of Review*

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### 2. *Rooker-Feldman Doctrine*

Because subject matter jurisdiction is a "threshold issue," American Telecom Co., LLC v. Republic of Lebanon, 501 F.3d 534, 537 (6th Cir. 2007), the Court will first address Defendant's argument that the Court lacks subject matter jurisdiction. Defendant maintains that Plaintiff's claims are barred by the Rooker-Feldman doctrine, which deprives federal district courts of subject matter jurisdiction over claims seeking review of cases litigated and decided by state courts. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The Rooker-Feldman doctrine divests federal courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). See also Bell v. JP Morgan Chase Bank N.A., 2016 WL 4180005, at *2 (W.D. Ky. Aug. 5, 2016).

The order from the state district court in the Dinwiddie, Sr. probate matter declining to approve a tendered informal periodic settlement and ordering the Plaintiff to file a formal settlement is not a final judgment in a probate matter. Dinwiddie v. Arcadu, 2017 WL 1102993, at *1 (Ky. Ct. App. Mar. 24, 2017). Because this order from which Plaintiff complains is part of a state probate matter that is still pending, the Court declines to apply the Rooker–Feldman doctrine in this case. See, e.g., Shafizadeh v. Bowles, 476 Fed. Appx. 71, 2012 WL 1139005, at *1 (6th Cir. April 6, 2012).

### 3. *Younger Abstention*

Defendant argues that the Court should abstain from addressing the complaint under the Younger abstention doctrine. Plaintiff maintains that the Younger abstention doctrine is not

7

applicable to this case because there is not currently a state court proceeding pending.[2]  Further, Plaintiff maintains that a declaratory action brought under 42 U.S.C. § 1983 for deprivation of constitutional rights falls squarely within the jurisdiction of this Court and should be decided.

"The Younger Abstention Doctrine requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state court proceedings." Muhammad v. Paruk, 553 F. Supp. 2d 893, 897 (E.D. Mich. 2008) (citing O'Neill, 511 F.3d at 643). See Younger v. Harris, 401 U.S. 37 (1971). The Younger abstention doctrine may be raised *sua sponte* by the court or by the parties.  See O'Neill, 511 F.3d at 642; Skaggs, 2018 WL 2187723, at *2.  Under this doctrine, "when state proceedings are pending, principles of federalism dictate that the constitutional claims should be raised and decided in state court without interference by the federal courts."  Doscher v. Menifee Circuit Court, 75 Fed. Appx. 996, 997 (6th Cir.2003) (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 17 (1987)).  "Younger abstention in civil cases requires the satisfaction of three elements.  Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims."  Hayse v. Wethington, 110 F.3d 18, 20 (6th Cir. 1997).  See also O'Neill, 511 F.3d at 643; Tindall v. Wayne County Friend of the Court, 269 F.3d 533, 538 (6th Cir. 2001).

Here, Plaintiff requests that this Court declare that the beneficiaries have a right to file an informal periodic settlement and that the Grayson County District Court has an obligation and duty to sign the informal periodic settlement. (Second Amended Complaint at 6.)  As discussed above, a federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present.  Rickels v. Cupp, 2006 WL 2864364, at

---

[2] If there is no current state court proceeding, the Rooker-Feldman doctrine would bar Plaintiff's claims.

*3–5 (N.D. Ohio Oct. 4, 2006). It would appear to the Court that the state court proceeding is ongoing because the Estate of James F. Dinwiddie, Sr. remains in probate. In fact, Plaintiff does not deny that the Estate is still in probate. Additionally, a state has a strong interest in the resolution of probate matters. See Kawecki ex rel. Marlowe v. County of Macomb, 367 F. Supp. 2d 1137, 1145-46 (E.D. Mich. 2005) (holding probate proceedings involve important state interest because state probate courts are uniquely situated to address matters within their specific purview); Rickels, 2006 WL 2864364, at *5 (citing Lepard v. NBD Bank, 384 F.3d 232, 237 (6th Cir. 2004) ("The matters presented in the complaint are clearly the subject of an on-going Ohio probate matter, which implicate important state interests."). Bottom line, the appropriate resolution of this probate matter is in state court. Finally, Plaintiff has the ability to raise any constitutional claims he may have before the Grayson District Court or on appeal. "[T]he burden on this point rests on the federal plaintiff to show 'that state procedural law barred presentation of [his] claims.'" Marathon Petroleum Co., LLC. v. Stumbo, 528 F. Supp. 2d 639, 645 (E.D. Ky. 2007) (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987)). Plaintiff has not alleged that he is barred from presenting his constitutional claims in the Kentucky state courts. In fact, Kentucky courts can consider the constitutional questions Plaintiff raises in his complaint and order relief if they deem them to have merit. See Johnson v. United States, 2009 WL 2761739, at *3–4 (W.D. Ky. Aug. 28, 2009).

For these reasons, the Court will abstain from exercising jurisdiction over this matter under the Younger abstention doctrine and dismiss the Plaintiff's claims.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the motion by Plaintiff, James F. Dinwiddie, Jr., for Leave to Amend the Complaint [DN 23] is **GRANTED**. The Clerk of Court shall file Plaintiff's tendered Second Amended Complaint [DN 23-1]. Andrew Beshear, in his official capacity as

Attorney General of the Commonwealth of Kentucky, is dismissed as a defendant in this action pursuant to the newly filed Second Amended Complaint. As a result, all pending motions filed by or related to Andrew Beshear [DN 10, DN 13, DN 19] are **MOOT**.

**IT IS FURTHER ORDERED** that the objection and a supplemental objection to the June 18, 2018, Memorandum Opinion and Order by Plaintiff, James F. Dinwiddie, Jr., [DN 22, DN 28, DN 30] are **OVERRULED** consistent with this Opinion.

**IT IS FURTHER ORDERED** that the motion by Defendant, Grayson County District Judge Shan Embry, to dismiss the amended complaints pursuant to Fed. R. Civ. P. 12 [DN 26] is **GRANTED**. A judgment will be entered consistent with this opinion.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

August 13, 2018

cc: counsel of record